# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MCNEAL, | ) 1:14-cv-00030-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) COMPLAINT WITH LEAVE TO AMEND |
| | ) (ECF No. 1) |
| D. GONZALEZ, | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendant. | ) |

**I.       Screening Requirement and Standard**

Plaintiff Vernon McNeal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 2, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Calipatria State Prison. The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison CSATF.

Plaintiff alleges: On June 26, 2012, a fight broke out between two inmates on C yard between 2 and 3 building. Plaintiff was at the corner of 4 building. According to a video, Plaintiff was well away from the fight, but the Building 4 Tower Officer, Gonzalez, shot Plaintiff in the right leg with the 40 mm launcher.

Officer Gonzalez stated on his crime/incident report that Plaintiff advanced two steps toward the altercation. Plaintiff claims that the steps are not substantiated by the videotape evidence. Plaintiff further claims that his disoriented state should not have been looked at as a threat or advancement toward a fight. Plaintiff believes that Officer Gonzalez invented the two steps so that he could use Plaintiff for target practice. Plaintiff contends that he sustained a permanent injury to his right leg because of Officer Gonzalez's illegal action. Plaintiff further reports that he was found guilty of willfully delaying, resisting or obstructing a peace officer in the performance of duty arising out of the incident.

**III.     Discussion**

Plaintiff appears to challenge his disciplinary conviction by contending that Officer Gonzalez used excessive force.

As a general matter, state prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–2. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Here, the exhibits submitted by Plaintiff demonstrate that he forfeited 61 days in credits as the result of being found guilty in prison disciplinary proceedings of willfully delaying, resisting or obstructing a peace officer in the performance of duty. According to the disciplinary charge, Plaintiff failed to comply with an order and advanced toward an altercation. Plaintiff's failure to comply resulted in Defendant Gonzalez using his 40mm launcher on Plaintiff. (ECF No. 1, Ex. E.)

Plaintiff's success in this action would necessarily invalidate the result of the disciplinary hearing, which was based on finding that Plaintiff failed to comply with orders and caused Defendant Gonzalez to use his 40mm launcher. As such, Plaintiff may not pursue his excessive force claim in this action unless he can demonstrate that his disciplinary conviction has been

invalidated. Heck, 512 U.S. at 489 (until and unless favorable termination of the conviction or sentence occurs prisoner has no cause of action under section 1983).

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim.  However, the Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 14, 2014**                    /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE