# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MCNEAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. GONZALEZ,<br><br>　　　　　Defendant. | 1:14-cv-00030-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |

### I.　Screening Requirement and Standard

Plaintiff Vernon McNeal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 8, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on February 23, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Calipatria State Prison. The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison CSATF. Plaintiff names Correctional Officer D. Gonzalez as the sole defendant in his official and individual capacity.

As with his original and amended complaint, Plaintiff alleges that on June 26, 2012, a fight broke out between two inmates on C yard between 2 and 3 building. Plaintiff was at the corner of 4 building. Videotape evidence shows Plaintiff's distance was not a threat, but Building 4 Tower Officer Gonzalez shot Plaintiff in the right leg with a 40 mm launcher. Officer Gonzalez stated on his incident report that Plaintiff advanced two steps toward the altercation. Plaintiff claims that the videotape evidence contradicts this statement. Plaintiff believes that Officer Gonzalez invented the two steps so that he could use Plaintiff for target practice. Plaintiff contends that he sustained a permanent injury to his right leg.

Plaintiff additionally alleges that he had to file multiple 602s about getting shot by Officer Gonzalez. Plaintiff claims that Appeals Coordinators kept rejecting and cancelling Plaintiff's 602s.

Plaintiff seeks compensatory and punitive damages.

### III.    Discussion

The Court previously dismissed Plaintiff's claim of excessive force against Defendant Gonzalez because success in this action would necessarily invalidate the result of a disciplinary conviction and loss of credits. According to papers attached to Plaintiff's original complaint, the disciplinary conviction was based on finding that Plaintiff failed to comply with orders and caused Defendant Gonzalez to use his 40mm launcher. The Court instructed Plaintiff that he could not pursue his excessive force claim in this action unless he could demonstrate that his disciplinary conviction had been invalidated. The Court then granted Plaintiff an opportunity to cure the identified deficiencies to the extent he was able to do so in good faith.

In his amended complaint, Plaintiff omitted any reference to the disciplinary conviction and resulting loss of credits. Plaintiff was given a final opportunity to cure the deficiencies in his complaint, but was cautioned that he could not merely omit information in order to state a cognizable claim.

#### Heck Bar

As a general matter, state prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–2. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

To the extent Plaintiff's success in this action would necessarily invalidate the result of the disciplinary hearing, Plaintiff may not pursue his excessive force claim in this action unless he can demonstrate that his disciplinary conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 2373 (1994) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

In the second amended complaint, Plaintiff again omits any reference to the disciplinary proceedings.  He has not demonstrated that his disciplinary conviction has been invalidated.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, this action is dismissed, without prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 17, 2015**              /s/ *Barbara A. McAuliffe*  
                                         UNITED STATES MAGISTRATE JUDGE